ARTHUR JAEHNIG *vs.* J. G. & B. S. FERGUSON COMPANY.

Suffolk.   January 8, 1908. — February 26, 1908.

Present: KNOWLTON, C. J., LORING, SHELDON, & RUGG, JJ.

*Negligence.*

If a boy ten years of age has been playing ball in a street in violation of a city ordinance, and before he has left the street is run over by a delivery wagon negligently driven and is injured, his violation of the ordinance does not prevent him from recovering in an action against the owner of the wagon, unless such violation was a direct and proximate cause contributing to the accident, and if he was injured after he had abandoned the game and had started to travel home, the fact that his previous unlawful play was the reason for his being in the street does not make it a direct and proximate cause of the accident.

In an action by a boy ten years of age, when injured, against the owner of a

delivery wagon, which ran over the plaintiff when being driven rapidly and negligently by a servant of the defendant around the corner of a cross street into a street where the plaintiff had been playing ball contrary to a city ordinance, there was evidence that the game consisted in bowling the ball and trying to catch it when it was returned, that the shop of the plaintiff's father was near by on the street, that the father had called twice to the plaintiff, and that, after the second call, the ball was bowled toward the plaintiff and went by him in the street, that he started walking in the direction of his father's shop which was also in the direction of the ball, a few feet away from him, and that, before he had gone as far as the place where the ball was, he was struck by the wagon and was injured. In one part of his testimony the plaintiff said that he gave up the game and started for the place where his father was standing and where his father's shop was. It did not appear that there was much travel on the street. *Held*, that it was a question of fact for the jury whether the plaintiff had given up the game before he started to take the three or four steps which brought him in collision with the defendant's wagon, and that, if the jury found for the plaintiff on that point, it also was a question for them whether the plaintiff's general conduct in reference to danger from teams on the street was that of ordinarily careful boys of his age.

TORT, by a boy about ten years of age when injured, for personal injuries incurred in the afternoon of July 31, 1906, on Ashley Street in Boston, under the circumstances described in the opinion, through the alleged negligence of a servant of the defendant. Writ in the Municipal Court of the City of Boston dated August 18, 1906.

On appeal to the Superior Court the case was tried before *White*, J., who instructed the jury that upon all the evidence the plaintiff was not entitled to recover, and ordered a verdict for the defendant. The plaintiff alleged exceptions, it being agreed that, if the ruling of the judge was right, judgment should be entered on the verdict for the defendant; and that, if the ruling was wrong, there should be no new trial but that judgment should be entered for the plaintiff in the sum of $200.

*F. M. Carroll*, (*L. E. Flye & J. W. Milne* with him,) for the plaintiff.

*C. S. Knowles*, for the defendant.

KNOWLTON, C. J. The plaintiff, a boy about ten years of age, was run over and injured on one of the public streets of Boston, by a delivery wagon in charge of one of the defendant's servants.

There was evidence on which the jury might have found that the defendant's servant was driving rapidly and negligently, and that this negligence caused the accident.

The plaintiff had been playing ball on the street, in violation of an ordinance of the city of Boston, and there was evidence tending to show that one of his movements in the game brought him in collision with the team, and was a contributing cause of the accident.    On the other hand, he testified that he had been called by his father, and at the time of the accident had given up the game, and was on his way to his father's shop near by.

If his violation of a city ordinance was a direct and proximate cause contributing to the accident, as distinguished from a mere condition accompanying it, he cannot recover.    *Newcomb* v. *Boston Protective Department*, 146 Mass. 596.    But if he was injured after he had abandoned the game and had started to travel home, the mere fact that he had been playing previously in violation of the ordinance, and might not have been there at that time except for his previous game, does not make his unlawful play a direct and proximate cause of the accident.

In the game he was bowling the ball and trying to catch it when it was returned.    According to the testimony his father had called him twice, and soon after the second call the ball was bowled towards him, and went by him in the street.    He started, walking in the direction of his father's shop, which was also in the direction of the ball a few feet away, and was struck by the wagon before he had gone so far as the place where the ball was. The defendant argues that he was going to get the ball as a part of the game, and that the jury should not have been permitted to find to the contrary.    But in one part of his testimony he said that he gave up the game, and started toward the corner of Ashley Street where his father was standing and where his father's shop was.    We are of opinion that it was a question of fact for the jury whether he had given up the game before he started to take the three or four steps which brought him in collision with the defendant's wagon.

If the jury found for the plaintiff on that point, we are of opinion that it was also a question for them whether his general conduct, in reference to danger from teams in the street, was that of ordinarily careful boys of his age.    The evidence falls short of showing a high degree of care, but it does not appear that there was much travel on the street, or that very great vigilance in reference to the possibility of being struck by a team

being driven rapidly around the corner from a cross street would be expected from ordinary boys.   While the testimony tends to show that he was not in the exercise of due care, we cannot say that there was not sufficient evidence for the plaintiff to present a question of fact for the jury.

> *Judgment for the plaintiff according to the agreement of the parties.*