ELIZABETH A. BARRY *vs.* KIRBY STEVENS.

Plymouth. March 18, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Negligence*, Trespasser, Child at back of ice wagon. *Way*, Public.

At the trial of an action by a child against the proprietor of an ice wagon to recover for injuries caused by a piece of ice falling from the wagon and striking the plaintiff, the declaration alleged that the plaintiff, when injured, was a traveller upon a public street, and there was evidence which tended to show that, previous to the accident, the wagon had been passing along a public street when the plaintiff, seeing it, crossed over the street and asked the driver, who then was coming from a house, if she might have a piece of ice, that the driver answered "Yes," mounted the wagon and drove across the street, that the child got upon the rear step of the wagon without the driver's knowledge, that on crossing the street the wagon ran up upon the curbstone and the plaintiff, being apprehensive of danger, jumped from the step and that, as she alighted on the sidewalk, a piece of ice, loosened by the jolting, fell and struck her below the knee. *Held,* that the plaintiff at the time of her injury had not yet resumed the character of a traveller on the highway, that there was no evidence that she had been invited upon the step of the wagon, that therefore the driver owed her no duty except to refrain from wanton or reckless conduct toward her, and that there was no evidence of such conduct on his part.

TORT by a girl nine years of age for injuries caused by her being struck by a piece of ice which was alleged to have fallen

from an ice wagon of the defendant owing to negligence on the part of the driver. The declaration alleged that the plaintiff was a traveller upon a public street when she was injured. Writ dated June 1, 1906.

The case was tried before *White*, J. The facts are stated in the opinion. At the close of the evidence, the presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*J. J. Geogan*, (*W. J. Coughlan* with him,) for the plaintiff.

*W. H. Hitchcock*, (*W. I. Badger* with him,) for the defendant.

BRALEY, J. If the plaintiff when injured was a traveller on the highway as alleged in the declaration, there was evidence for the jury of her due care, and of the defendant's negligence. *McNeil* v. *Boston Ice Co.* 173 Mass. 570. *McDermott* v. *Boston Elevated Railway*, 184 Mass. 126, 128. *Slattery* v. *Lawrence Ice Co.* 190 Mass. 79. *Jaehnig* v. *Ferguson Co.* 197 Mass. 364. The facts as to the defendant's liability rest upon the evidence introduced by the plaintiff, from which it appeared, that the defendant's team loaded with ice in charge of a driver was passing along the street making deliveries to customers, when the plaintiff, seeing the wagon stopped on the opposite side of the street, crossed over, and asked for a piece of ice. The driver, who was coming out of the house, answered " Yes," mounted the seat, and started to drive across to the other side of the street. The plaintiff without his knowledge or assent got upon the step in the rear of the wagon, where she was hidden from his view by intervening tiers of ice, and as the wagon reached the curbstone, the front wheel forcibly struck the edge and rose slightly over the top. In consequence of the jolting, the plaintiff, being apprehensive that her position was becoming unsafe, jumped off, and coincidently a cake of ice slipped from one of the tiers, fell from the cart, and struck her below the knee as she alighted on the sidewalk. It is obvious, that no invitation express or implied had been extended to the plaintiff to ride on the steps, and her presence there at the time of the accident was unlawful. A trespasser or a bare licensee takes the premises as he finds them, with the attendant dangers arising from want of repair, or the manner in which they may be occupied or used. *Plummer* v. *Dill*, 156 Mass. 426. The defendant, therefore, owed her no

duty except to refrain from acts of wilful or wanton injury, of which there is no proof. *West* v. *Poor*, 196 Mass. 183. It is urged that, when injured, she had ceased to be a trespasser. But the accident happened when she was preparing to resume the character of a traveller, and before the relation as between the parties had been established by any use of the street for that purpose. We are accordingly of opinion that the verdict for the defendant was rightly ordered. *Jaehnig* v. *Ferguson Co.* 197 Mass. 364.

*Exceptions overruled.*