[No. 13070.   Department Two.   June 6, 1916.]

BEULAH BOWERS, *Respondent*, v. STANDARD FUEL & ICE COMPANY, *Appellant*.[1]

MUNICIPAL CORPORATIONS—USE OF STREETS—INJURY TO PEDESTRIANS —ICE WAGON—NEGLIGENCE—QUESTION FOR JURY. It is for the jury to determine whether an ice deliverer was guilty of negligence in placing a two hundred pound piece of ice in the delivery wagon in such a position that, after delivery of pieces holding it in place, it was liable to shake loose in driving over rough ground, and did so, striking a child in the street.

SAME—PEDESTRIAN OR TRESPASSER—QUESTION FOR JURY. The fact that a child had been a trespasser on the step of an ice wagon does not prevent recovery for injuries received after she had left the wagon and her status as a traveler had been resumed, and such fact is a question for the jury, where the evidence was conflicting.

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A recovery of $3,000 for injuries sustained by a child eight years of age, struck by a piece of ice falling from an ice wagon, is not excessive, where it appears that two bones of the leg were broken, the flesh badly cut, necessitating many stitches, and five weeks in the hospital, and resulting in an ugly scar and a reduced size of the leg.

[1]Reported in 157 Pac. 1094.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered March 15, 1915, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries. Affirmed.

*Lawrence Jack* and *H. M. Stephens*, for appellant.

*Robertson & Miller* and *E. W. Robertson*, for respondent.

MAIN, J.—The purpose of this action was to recover damages for personal injuries, alleged to be chargeable to the negligence of the defendant. The plaintiff, at the time of the accident, was a little girl, approximately eight years old, and brings the action by her guardian *ad litem*. The trial of the cause resulted in a verdict in favor of the plaintiff for the sum of $4,000. Motion for a new trial being made and presented, the trial court entered an order directing that the plaintiff elect to remit $1,000 from the amount of the verdict, and if this were not done, a new trial would be ordered. Thereafter the plaintiff elected to take a judgment for the sum of $3,000, which was entered. From this judgment, the defendant appeals.

The facts, which are either not in dispute or from the evidence the jury had a right to find, are substantially these: On July 22, 1914, the appellant was engaged in the business of selling and delivering ice in the city of Spokane. For this purpose a wagon drawn by two horses and accompanied by two men was used. The wagon was covered, and the sides of the box were approximately five feet high and eight feet long. In the rear of the wagon there was a tail gate about eight or ten inches high. The wagon bed set upon springs. At the back end of the wagon there was a step bolted to the frame. This step was about two and one-half feet long, and approximately fifteen inches wide.

On the morning of the day mentioned, before starting on the forenoon deliveries, the wagon was loaded by the two men in charge with nine cakes of ice, each cake being about

three and one-half feet long, twenty-two inches wide, ten inches thick, and weighing about three hundred pounds. In loading the wagon, six cakes were set crosswise of the bed on edge, and two were put on the end gate. Then about two-thirds of a cake, which had been broken, was laid in the front end of the wagon on top of the other ice. The other one-third of the broken cake was put in the back end on the ice that was leaning on the end gate. With the wagon thus loaded, the morning deliveries were begun.

During the course of the forenoon, while the regular deliveries were being made, the wagon passed through an alley in the rear of the plaintiff's home. Either some place in this alley, or just before entering it, a stop had been made for the purpose of delivering ice to a customer. After the men had gotten upon the seat preparatory to starting, and without their knowledge, the plaintiff and a little boy about the same age got upon the wagon and seated themselves upon the step at the rear. The wagon passed through the alley with the horses going at a slow trot. As it passed from the alley into the street, as one witness described it, there was a "go down and go up." After reaching the street, which was graded but not paved, the wagon turned south.

About the time the wagon passed from the alley into the street, the little boy jumped off. The plaintiff remained until the wagon had gotten a short distance into the street, when she left the step of the wagon and started for her home, having taken a few steps, and having traveled approximately five or six feet, when the two hundred pound piece of ice which had been placed upon the other ice in the front of the wagon slid out of the wagon and struck her on the inside of the left leg, breaking the smaller bone and fracturing the larger. The flesh of the leg was cut to the bone from a point about four inches above the ankle to a little below.

When the ice cake was placed on top of the other ice at the time of loading, there was sufficient frost in it so that it would have a tendency to freeze and hold its place. The

wagon passing over the rough ground would have a tendency to shake it loose. At the time of the accident, the two pieces of ice which had been set against the tail gate had been consumed in the deliveries made up to that time, with the exception of about one hundred and fifty pounds. When these cakes were placed in that position in the full size, they operated to prevent the ice from sliding out of the wagon. At the time of the accident, there was nothing to prevent the cake of ice laying on top in front, if it should be jarred loose, from sliding out of the wagon to the rear.

In the trial court, the appellant challenged the sufficiency of the evidence and moved the court for a directed verdict. This motion was denied. The cause was submitted to the jury, and a verdict returned as above indicated.

The first question is whether the defendant was negligent in loading the ice wagon with the two hundred pound piece on top in front, and then driving the wagon over rough ground in such a manner that it would be shaken loose and slide out of the rear. The driver knew the condition of the alley and the approach to the street over which he had driven just prior to the accident, having frequently passed that way. He knew also that the shaking of the wagon might cause the ice cake to loosen and slide out. He further knew that, if the cake did slide out, it might hit a person properly on the street and cause injury.

It cannot well be held, as a matter of law, that the defendant was not negligent. Whether reasonable care had been exercised, and whether such an accident as occurred might be reasonably anticipated as the probable result of loading and driving the wagon in the manner stated, were for the jury to determine.

The next question is whether a recovery can be had even though there was negligence on the part of the appellant. It will be assumed, but not decided, that if the respondent was upon the step at the rear of the wagon at the time she was hit by the ice cake, and was thus a trespasser, under no

theory of the law could there be a recovery, in the absence of wanton or willful injury. In this case there is no evidence from which wanton or willful injury could be inferred.

There was evidence that the respondent, at the time she was struck by the ice cake, had gotten off of the step, had started for home, with her back towards the wagon, and had gone a few steps, five or six feet, when the ice cake slid out of the wagon and struck her. There was evidence which would controvert this and tend to show that she was on the step at the time she was struck. The fact that she was a trespasser while upon the step would not deprive her, as a matter of law, of the right to recover if her status as a traveler had been resumed.

There has been something said relative to the physical facts showing that respondent must have been hit while upon the step. Whether the cake of ice in sliding out would drop upon the step, or would shoot out some distance behind and hit the ground, would depend upon its weight and momentum, together with what influence the road and the wagon may have had upon it. There is no physical law by which it can be determined under the facts in this case whether the ice cake would necessarily drop upon the step, or whether it would shoot out behind some distance. One witness testified that if the ice slid with much speed, it would likely hit the ground five or six feet from the wagon.

Whether the respondent, at the time of the injury, was a trespasser upon the step, or whether her status was that of a traveler upon the street, was for the jury to determine. In *Jaehnig v. Ferguson & Co.*, 197 Mass. 364, 83 N. E. 868, the plaintiff, a boy ten years of age, was run over and injured on one of the public streets of Boston by a delivery wagon in charge of one of the defendant's employees. The plaintiff had been playing ball in the street in violation of an ordinance, and there was evidence tending to show that one of his movements in the game brought him in collision with the team, and was a contributing cause of the accident.

And, on the other hand, there was evidence that he had been called by his father, and at the time of the accident had given up the game and was on his way to his father's shop nearby. He had started walking in the direction of his father's shop, which was also in the direction of the ball, a few feet away, and was struck by the wagon before he had gone so far as the place where the ball was. It was there held that it was a question of fact for the jury to determine whether he had given up the game before he started to take the three or four steps which brought him in collision with the wagon. If he had not given up the game, he was playing ball in violation of an ordinance, and could not recover. If he had given up the game, and was starting to his father's shop in response to the call, he was a traveler upon the street.

It would be difficult to distinguish that case in principle from the case here presented. While that case, of course, is not controlling in this jurisdiction, we may say that the principle there announced seems reasonable and just.

Apparently there are not many cases in the books where an injury has occurred by reason of the fact that a cake of ice has slid out of a wagon and injured a traveler upon the street; but through the industry of counsel a few such cases have been cited; these will now be noticed.

In *Walsh v. Hayes*, 72 Conn. 397, 44 Atl. 725, a child five years old was injured by a cake of ice which was jolted out of an ice wagon while the horses were trotting up hill. In that case the child was either upon the wagon or was in the act of alighting when the cake of ice struck him. The case is written upon the theory that the child, at the time of the accident, was "hanging onto the tail end of the defendant's ice wagon." In that case a recovery was denied. The cause had apparently been tried to the court without a jury. It was there said:

"It was for the trial court to determine, in view of all the attending circumstances, whether a wagon so heavily loaded could be hauled at such a rate of speed over a rough stone

crossing, with due regard to the rights of those who might be found upon the highway."

That case, so far as it has any bearing, would tend to support the position that the question of negligence was one of fact and not of law.

In *Conlon v. Bailey*, 58 Ill. App. 261, the plaintiff, a child four or five years of age, climbed upon the step at the rear of an ice wagon, and while there a large block of ice slid out, falling on him and causing the injury for which the action was brought. It was there held that no recovery could be had. The court, however, observed:

"Had the block fallen upon one crossing the street, or walking behind the wagon, the duty so to use the street as not to injure others using it, would raise a question not in this case. And it is no answer to say that the boy might have been injured when on the street behind the wagon, as severely as when on the step."

In *Barry v. Stevens*, 206 Mass. 78, 91 N. E. 997, the plaintiff was injured by a cake of ice sliding out of an ice wagon. She had gotten upon the step at the rear, and in consequence of the jolting of the wagon, she became apprehensive that her position was unsafe, and jumped off, and coincidently the cake of ice slipped from one of the tiers and struck her below the knee as she alighted on the sidewalk. Recovery in that case was denied because "the accident happened when she was preparing to resume the character of a traveler, and before the relation as between the parties had been established by any use of the street for that purpose." The court in that case remarked:

"If the plaintiff when injured was a traveler on the highway as alleged in the declaration; there was evidence for the jury of her due care, and of the defendant's negligence."

Finally, it is contended that the verdict, even as ordered reduced by the trial court, is still excessive, and for that reason a new trial should be granted. The smaller bone of the leg was broken; the larger bone was fractured; a gash

four inches long was cut in the flesh, which necessitated the taking of many stitches. The respondent was in the hospital for five weeks; and on account of the fact that dust and dirt got into the wound at the time of the accident, there was more or less infection, making it necessary that the leg be dressed twice a day for a time. The evidence also showed that an ugly scar would be left on the leg, and that it was, at the time of the trial, slightly smaller than the other leg. Prior to the accident the child had been a strong and healthy child, and since the accident had had a tendency to nervousness. It is true that, so far as reducing the fracture of the bones is concerned, a perfect result was obtained. It does not seem to us that we would be justified in ordering a further reduction in the amount of the recovery, or in the alternative a new trial.

The judgment will be affirmed.

HOLCOMB, PARKER, and FULLERTON, JJ., concur.

MORRIS, C. J., took no part.