ST. PAUL, J.
Prank Lopez and his wife sue for'damages for personal injuries to their minor child, Joseph Woodrow Lopez, through the alleged negligence of defendant. The case was tried upon the same evidence as a ease by Lopez against the same defendant, for damages to his carriage growing out of the same circumstances. In both cases there was judgment below for plaintiff.
I.
The Court of Appeal for the Parish of Orleans affirmed the judgment in the other case in the following opinion, No. 8070 of its docket, which we adopt, to wit:
“Defendant’s automobile truck, driven rapidly or slowly' (as you please), ran into plaintiff’s carriage on a country road. The night was very.dark; the truck admittedly had no lights, and the only question is whether or not .the carriage had lights.
“Plaintiff and his wife swear that the carriage had lights; Mr. and Mrs. Cashman, who were with plaintiff, also swear that the carriage had lights.
“The driver of the truck and one Downey, who passed the carriage on the road, swear that it had no lights. Defendant swears that when plaintiff stopped at his grocery, before the accident, the carriage then had no lights, and plaintiff tried to borrow one (which plaintiff denies). Walter Pishcr swears that after the accident Mrs. Cashman told him the carriage had no lights, and Lilly Smith swears that after the accident Mrs. Lopez told her the carriage had no lights.
“That is the sum and substance of the testimony on that head; and the district judge, who saw and heard all the witnesses, believed those for plaintiff and did not believe the others.
*666 “His appreciation of the testimony is entitled to great weight, and we do not see that he erred.
“There was some testimony to show a compromise, but in our opinion it shows nothing more than an endeavor to reach a settlement, which, however, was never completed. Moreover, it was not reduced to writing, and hence could not be considered in any event. C. C., 3071.”
II.
The child had its leg broken and remained in the hospital from August 30, 1919, to September 18, 1919. When the bone knitted, it was found that the injured leg was about one-half inch shorter than the other, so that the child will limp for the rest of its life.
The trial judge allowed $2,000 for the permanent injury to the child, and $500 for its sufferings.
This does not appear to us excessive; nor do we see any reason for an increase.
Decree.
The judgment appealed from is therefore affirmed.