and repairs in accordance with covenants in the lease. Plaintiffs' evidence tended to show that the tenant in possession had prepared plans for the improvements and transmitted them to defendant for approval, but that no notice of approval was ever received by the plaintiffs. A year after the plans were submitted the premises were partially destroyed by fire. A year thereafter plaintiffs, pursuant to the fire clause in the lease, served notice that they elected to terminate the same. The trial court found that in the interval between the fire and termination of the lease plaintiffs remained in possession as agents of the lessor and not as tenants.

*Henry J. Smith* and *Eugene J. Noyes* for appellant.

*Emanuel H. Reichart* and *Samuel Hellinger* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

ANNE NICHOLS et al., Appellants, *v.* HURTIG & SEAMAN THEATRICAL ENTERPRISES, INC., et al., Respondents, Impleaded with Others.

*Contract — license to produce play — action to restrain production on ground time named within which play was to be produced had expired.*

*Nichols* v. *Hurtig & Seaman Theatrical Enterprises, Inc.*, 217 App. Div. 107, affirmed.

(Argued March 31, 1927; decided May 3, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 4, 1926, unanimously affirming a judgment in favor of defendants entered upon the report of a referee. The action was to restrain defendants from producing a certain play in certain portions of the British Empire on the ground that the rights which defendants had secured from plaintiffs to so produce the

play had reverted to plaintiffs by reason of defendants' failure to produce it within the time named in contracts between the parties.

*Benjamin Pepper* and *M. L. Malevinsky* for appellants.
*Joseph J. Myers* for respondents.

Judgment affirmed, with costs; no opinion.
Concur: CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ.

---

In the Matter of the Accounting of CHATHAM PHENIX NATIONAL BANK AND TRUST COMPANY, as Trustee under the Will of EMILE A. THOMAS, Deceased.

MARY F. BREMER, Appellant; ALICE M. HEWES, as Executrix of JAMES A. HEWES, Deceased, et al., Respondents.

*Will — trust — residue to be divided amongst heirs' at law according to Statute of Distribution — rights in residue vested in heirs living at date of death.*

*Matter of Thomas*, 218 App. Div. 755, affirmed.
(Argued March 31, 1927; decided May 3, 1927.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered November 5, 1926, which unanimously affirmed a decree of the New York County Surrogate's Court construing the will of Emile A. Thomas, deceased, and directing distribution of the residuary estate. Testatrix by her will created a trust for the benefit of a brother, nephew and niece and directed that upon the death of the brother and nephew her residuary estate be divided amongst her heirs at law according to the Statute of Distribution. At her death her heirs were three brothers and a nephew; at the time for distribution the niece was the only heir at law. The surrogate held that rights in the residue vested at the time of the death of testatrix and