RENE CARON *vs.* FRANK L. GIBBS.

SOPHIA CARON *vs.* SAME.

Hampden.     September 19, 1929. — December 30, 1929.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence,* In use of way, Delivering ice, Contributory. *Evidence,* Inference, Matter of conjecture.

At the trial of an action of tort for personal injuries, there was evidence that the defendant, while delivering ice on a hot, rainy day in July, stopped his ice truck on a street with the tail board projecting over a cross walk, drew out a cake of ice and carried it away; that, within a few minutes thereafter and before the defendant returned, the plaintiff, a pedestrian, slipped on one of several small pieces of ice on the cross walk directly behind the tail board and was injured; and that he had not previously seen the ice. *Held,* that

(1) The evidence did not leave it a matter of conjecture whether the ice upon which the plaintiff slipped was dropped or was caused to

be dropped on the cross walk by the defendant: an inference was warranted that such was the fact;

(2) The questions, whether the plaintiff was guilty of contributory negligence and the defendant was negligent, were for the jury.

Two ACTIONS OF TORT, the second for personal injuries and the first, by the husband of the plaintiff in the second action, for consequential damages. Writs dated November 8, 1927.

There was evidence at the trial of the actions together in the Superior Court before *Greenhalge*, J., that there were pieces of ice on the sidewalk directly behind the tail board of the defendant's truck. Other material evidence is stated in the opinion. There was no direct evidence that the defendant's servant dropped or caused to be dropped any pieces of ice upon the street. The judge refused the following rulings requested by the defendant:

"10. For aught that appears in the evidence in this case the ice upon which the plaintiff claims to have slipped may have dropped on the highway but a moment before by someone for whose conduct in this respect the defendant was not responsible.

"11. There is nothing in the evidence to show how many pieces of ice were upon the highway, nor their relative positions, nor their size, nor how long they had been there, and without further evidence tending to show the extent and cause of this condition on the highway and the length of time they had existed there, there is no evidence that the defendant was negligent."

In each action the judge refused to order a verdict for the defendant. The jury found for the plaintiff in the first action in the sum of $57; and for the plaintiff in the second action in the sum of $700. The defendant alleged exceptions.

*H. F. Hathaway*, for the defendant.

*H. A. Moran*, for the plaintiffs.

WAIT, J. There was evidence from which, taken most strongly against the defendant, the jury could find that a servant of the defendant, while engaged in his business delivering ice, on a wet, hot day in July, stopped his truck

with the tail board projecting over the space traversed by persons on foot in crossing Stockbridge Street in Springfield at its junction with Main Street, drew out a cake of ice, and in so doing dropped small pieces of it on the walk where passers might step upon them and slip in consequence; that, within a few minutes thereafter and before the servant returned to the truck, the female plaintiff, walking across the street, as she was about to step upon the curbstone, slipped upon a piece of ice, fell and was injured; that she did not see the ice until she observed it after her fall. There was no error in refusing to direct a verdict for the defendant. We cannot say, as matter of law, that there was negligence on the part of the plaintiff in walking as she did, *Agnew* v. *Franks*, 255 Mass. 539, 541, or that the servant was not careless in leaving pieces of ice where they might cause harm. The cases cited by the defendant are not controlling. In them there was no such justification as here for an inference that the servant rather than some other person was in fault. It was not pure speculation that it was he, rather than some one else, who placed the pieces of ice on the sidewalk. The judge was not in error in refusing to instruct as requested.

*Exceptions overruled.*