WILLIAM SZIVOS *vs.* CHARLES L. LEONARD.

Third Judicial District, New Haven, June Term, 1931.
MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 2d—decided July 14th, 1931.

*Stanley T. Jennings* and *Paul R. Connery,* for the appellant (defendant).

*Edward J. Quinlan,* with whom, on the brief, was *Sheldon B. Smith,* for the appellee (plaintiff).

AVERY, J. Two questions are presented on this appeal: First, was the evidence sufficient to support the verdict rendered by the jury; and, second, were the damages awarded excessive.

From the evidence, the jury might reasonably have found the following facts: On January 31st, 1930, the plaintiff, a child of the age of six years and four months, was on the northerly side of Naples Street, near its intersection with Lubrano Place in South Nor-

walk. At that time, an automobile truck, owned by the defendant and operated by his agent, was proceeding easterly on Naples Street, on the left-hand side. At the time of the accident, snow and ice were upon the ground, but Naples Street was packed smooth and was fit for traffic over its entire width, approximately thirty feet. The defendant's agent was familiar with the locality, having traveled over it almost daily for two years. He knew that Lubrano Place was a dead-end street; and that children made a practice of sliding there. The truck was coming upon the left-hand side of Naples Street to make a turn to its left into Lubrano Place, and therefore clearly in violation of the statutory rule of the road concerning keeping to the right of the center of the intersection of two streets when turning to the left. This is enough to establish negligence on the driver's part. As regards the boy, he had slid down upon his right-hand side of Lubrano Place and had just reached Naples Street, and his sled was practically at a standstill when he was struck. He would naturally have no reason to expect an automobile coming upon the left side of that street, and to the right he could have a good vision. Considering his age, the jury might well have found him free from contributory negligence under the circumstances.

The defendant claimed to have produced evidence tending to show that Naples Street, at the time of the accident, because of the presence of snow upon it, was only usable upon the left side; and that the plaintiff slid down from Lubrano Place, running under the middle of the truck as it was passing. The defendant claimed that the automobile was proceeding at a reasonable rate of speed; that it stopped as quickly as possible; and that the cause of the accident was the act of the child in suddenly sliding down the grade on Lubrano Place and under the passing truck.

It is the province of the jury, under such conflicting claims, to determine the facts; and the finding of the jury, when supported by evidence sufficient to satisfy the minds of reasonable men, will not be re-examined by this court on appeal for the purpose of substituting the opinion of the court for that of the jury. *Robinson* v. *Backes*, 91 Conn. 457, 460, 99 Atl. 1057; *Maroncelli* v. *Starkweather*, 104 Conn. 419, 422, 133 Atl. 209.

The injury to the plaintiff consisted of a fractured leg between the knee and the hip, a clean break with the ends of the bone overriding. There were four stitches in the leg. The plaintiff was confined in a hospital, as a result of the injuries, from the date of the accident to March 20th, 1930, and the doctor stated he would have to remain there under a normal recovery two or three weeks longer. The surgeons first attempted to reduce the fragments and bring them into alignment by extension on the leg and manipulation; and tried to hold them in place by means of a plaster cast. This was used for about two weeks, when an X-ray showed an overriding of the broken bones at the point of fracture. It was sought to improve this displacement by a bone reduction, inserting a steel plate, known as a "Lane's" plate. To accomplish this, an incision was made along the outer side of the leg, and the bone brought into place. The upper part of the bone was somewhat shattered, and would not hold the screws, so this method was abandoned and the plaster cast reapplied. The plaintiff was in bed and in the plaster cast for about five weeks after the first attempt to get the bone into alignment. There is now three eighths of an inch shortening of the leg, which manifests itself when the plaintiff walks. The medical testimony was that as he grew older, his body would adjust itself to this amount of shortening, so

that it would not greatly incommode him. The amount of the verdict was $4000.

The trial court had the advantage of seeing the child, observing his movements, and hearing the testimony of the various witnesses; and refused to set aside the verdict. The action of the trial court in such a case is entitled to great weight. *Roma* v. *Thames River Specialties Co.,* 90 Conn. 18, 20, 96 Atl. 169. The amount of the special damages, admitted by the defendant in his brief, was $759.50; as claimed by the plaintiff, it was $827. The award by the jury to the plaintiff for his pain, suffering, loss of time at school and shortening of the leg due to the accident is thus approximately $3250.

"Damages in personal injury cases cannot be computed mathematically, nor does the law furnish any precise, definite rule for their assessment. The matter is one peculiarly within the province of the jury, whose determination will be set aside only when it appears that the sum awarded is plainly excessive and exorbitant. *Knight* v. *Continental Automobile Mfg. Co.,* 82 Conn. 291, 293, 73 Atl. 751." *Rutkowski* v. *Connecticut Light & Power Co.,* 100 Conn. 49, 54, 123 Atl. 25. The amount awarded in this case is not so excessive or exorbitant or so out of proportion to verdicts in such cases as to warrant interference by an appellate court. *Dudley* v. *Wabash R. Co.,* 171 Mo. App. 652, 154 S. W. 462, 465; *Kitsap County Transp. Co.* v. *Harvey,* 15 Fed. (2d) 166, 168; *Lopez* v. *Charles,* 155 La. 663, 99 So. 521, 522; *Bowers* v. *Standard Fuel & Ice Co.,* 91 Wash. 400, 157 Pac. 1094, 1096; *Koelling* v. *Union Fuel & Ice Co.,* 267 S. W. (Mo.) 34, 37; *Quinn* v. *Chicago, M. & St. P. Ry. Co.,* 162 Minn. 87, 202 N. W. 275, 46 A. L. R. 1228, and note.

There is no error.

In this opinion the other judges concurred.