Pettingell, P. J.
Action of tort in which a pedestrian, while crossing the highway in the month of August, was struck and injured by a piece of flying ice thrown by the wheel of a passing automobile. The employees of the defendant, operating the defendant’s ice truck, had passed by the place where the plaintiff was injured, shortly before the plaintiff was struck, and, in their passage, three buckets of chopped ice had fallen from the truck to the highway. When *28 the attention of the defendant’s employees was called to the happening, one of them picked up the buckets but left the ice where it had fallen. A few minutes later, a motorist came along as the plaintiff was leaving the sidewalk; one wheel of his car struck a piece of the ice, causing it to fly and strike the plaintiff. The plaintiff filed ten requests for rulings of which the trial judge gave nine and refused one. That one is as follows:
“1. On all the evidence, the law and the pleadings, a verdict for the plaintiff is warranted.”
The trial judge filed a “Findings of Fact,” the material part of which is as follows:
“As the plaintiff’s injuries were caused entirely by the presence of ice upon the roadway, I rule that she is not entitled to recover because she failed to give to the defendant a written notice of the time, place and cause of the injury under G. L. C. 84, Sections 18 to 21 inclusive. ’ ’
‘ ‘ I deny the plaintiff’s request for rulings numbered 1 because of the above ruling of law and allow all the rest of her requests for rulings. ’ ’
He then found for the defendant. The plaintiff, claiming “to be aggrieved by the refusal of the Judge to rule as requested, and by the Court’s finding for the defendant,” appeals to this Division.
The ruling of the trial judge that the plaintiff could not recover because she had not given the notice required in snow and ice cases, by G. L. (Ter. Ed.) C. 84, Sections 18 to 21, was error.
The statutory provisions cited by the trial judge, G. L. (Ter. Ed.) C. 84, Sections 18 to 21, inclusive, apply only to injuries caused by a defect in a way, “if such defect or want *29 of repair is caused by or consists in part of snow or ice, or both.”
“Whenever ice or snow is the sole proximate cause of the accident there is no liability but where at the time of the accident there is any other defect to which as a proximate cause the accident is in part attributable there may be liability notwithstanding the fact that it also may be attributable in part to ice or snow . . . The real question is not simply whether the way with no snow or ice upon it is defective, but whether if there be such a defect, it was operative as such at the time of the accident and was in part the proximate cause of it.” Newton v. Worcester, 174 Mass. 181, at 187.
G. L. (Ter. Ed.) C. 84, Section 18, which creates the duty to give notice in a snow and ice case, when the injury is caused in part by defective condition of a way, makes that notice a condition precedent to a recovery, thus aiding those responsible for the condition of ways in the preparation of the defense of such actions. The notice must be given “to the county, city, town or person by law obliged to keep said way in repair.” It is not contended that the defendant here was under any obligation to keep in proper condition the way upon which his ice truck was travelling or that there was any defective condition of the way where the plaintiff was injured or where the defendant’s employees left the contents of three buckets of ice on the way.
The defendant contends, however, that the plaintiff has no standing to raise a claim of error with regard to the trial judge’s ruling in this respect. It points out that the plaintiff claimed no request for ruling which touches this matter, and in no way raised any question regarding it in the District Court, and insists that the ruling has now become the law of the case. It cites various cases, among which is Santa Maria v. Trotto, 297 Mass. 442, at 447, which states that the failure of the plaintiff to claim a report of the rul *30 ing of the .trial judge, there objected to, “by reason of the absence of objections thereto from the plaintiff, became the law of the case.” In that case, and every other case which has come to our attention, the ruling made was made at the trial, at a time when an objection thereto, and a claim of report, therefor, was possible and open to the plaintiff. In the case at bar, there is nothing in the report to show that the parties knew or had cause to know that the trial judge had in mind the ruling which he made after the case was closed. From the docket entries it appears that the trial was concluded March 31; at that time there is nothing in what had previously happened, or on the record, which indicates the existence of this issue as a factor in the decision. On May 27, it came to light when the trial judge filed his finding. Within the statutory time the plaintiff filed his request for a report and later a draft report. It would seem that he had acted promptly to claim an appeal and had proceeded within the time required by the statute. In order to claim his rights, he is required to act with promptness, but nothing requires him to foresee that a wrong ruling of law, which has not been mentioned at the trial, is to be made by the trial judge in his consideration of the case. G. L. (Ter. Ed.) C. 231, Section 108, creates a right of appeal to the Appellate Division, “as of right” to “any party to a cause . . . aggrieved by any ruling on a matter of law.” It has properly held that the question of law must be one which has been ruled on in the District Court, but neither statute nor decision has ever limited such appeals to questions of law raised at the trial by an appellant or has excluded rulings of law which the trial judge has erroneously interjected into the case after the case has been taken by him at the close of the evidence.
In this case the plaintiff claimed to be aggrieved “by the Court’s finding for the defendant.” The plaintiff has no right of appeal from a finding of fact, as such. Here, *31 however, the trial judge “ruled” that the plaintiff could not recover because of her failure to give the notice required by G. L. (Ter. Ed.) C. 84, Sections 18 to 21 inclusive, and based his denial of the plaintiff’s first request on that ruling of law. The report is informal in its statement of error but beyond question it states what the trial judge did, which was to rule as matter of law that the plaintiff “is not entitled to recover because she failed to give to the defendant” the written notice mentioned. There is no uncertainty in the' report in its statement of the issue of law involved.
In our opinion the right of the plaintiff to claim a report of this question of law is within G. L. (Ter. Ed.) C. 231, Section 108, and the question of law raised by the trial judge in his denial of the first requested ruling, for the reason stated, is properly before us. On that issue we decide that the denial of the ruling for the reason given was error.
There is now the question whether it was prejudicial error. If the ruling requested properly should have been denied for other reasons, the plaintiff was not aggrieved by the denial. A wrong ruling of law, not followed to a logical conclusion, is not error if a just decision of the case is made. Freeman v. Robinson, 238 Mass. 449 at 452. Wheeler v. Tarulla, 237 Mass. 306, at 309. Williams v. Pittsfield Lime & Stone Co., 258 Mass. 65, at 71. Reilly v. Selectmen of Blackstone, 266 Mass. 503, at 512. H. K. Webster Co. v. Mann, 269 Mass. 381, at 385. Boston Morris Plan Co. v. Barrett, 272 Mass. 487, at 491. Hamilton Mfg. Co. v. Lowell, 274 Mass. 477, at 487. Broitman v. Silver, 278 Mass. 510, at 513. Malinoski v. D. S. McGrath, Inc., 283 Mass. 1, at 10. Slocum v. Natural Products Co., 292 Mass. 455, at 458. Bridges v. Hart, 299 Mass. 444, at 446. In this case it was followed to a logical conclusion, and we believe that there are no other valid reasons for denying the request.
*32 The plaintiff sued on two counts, one based on negligence, the other on a nuisance. There is authority for holding that the act of the defendant’s employees could be found to be negligent. In Caron v. Gibbs, 269 Mass. 431, the facts were that the defendant was the owner of a truck used in delivering ice, which, on a July day, was stopped with the tail board projecting over a cross walk of the street. In taking out ice there, the employees of the defendant dropped small pieces of ice on the walk upon one of which pieces the plaintiff, walking across the street, stepped, causing her to slip and fall, and to receive injuries. The trial judge refused to order a verdict for the defendant, ruling that the question of negligence was one for the jury. It was held that this was not error. On the strength of that case it would seem that, as far as the establishment of negligence, there was authority for a recovery by the plaintiff.
On the other hand there is the decision in Sylvester v. Shea, 250 Mass. 508, in which the defendant, backing a truck, saw, or should have seen, a large stone, six or seven inches in diameter and weighing ten or twelve pounds, with which one of the wheels of his truck came in contact, squeezing the stone and throwing it to the sidewalk where it hit and injured the plaintiff. The court said, at page 510, “the throwing of the stone, while not unprecedented, was such an unusual occurrence under the circumstances that it could not be found that the defendant in the exercise of reasonable care ought to have guarded against it.”
On the issue of negligence the case narrows down to the question whether, if it could have been found negligent for the defendant’s employees to leave three buckets of ice scattered over the highway, it could have been foreseen by the defendant’s employees that a passing motorist, striking a particle of the ice might cause it to fly with resulting damage to a person passing by.
*33 The question has arisen elsewhere. In Bowers v. Standard Fuel & Ice Co. decided in 1916, 91 Wash. 400, 115 A. L. R. 1502, the court stated that it might have been anticipated that a cake of ice might slide from the top of another cake and fall out of the wagon and strike a child near by. In City Ice Delivery Co. v. Suggs, decided in Texas in 1933, 60 Southwestern Reporter (2) 538, 115 A. L. R. 1502, the facts were close to those in the present case. The driver of the ice wagon was negligent in failing to see that the rear end of the wagon was not closed and in permitting a large piece of ice, after it had fallen from the wagon to the street, to remain there. An automobile struck the ice and threw it against a pedestrian, the plaintiff. The court held that the driver of the wagon was negligent in permitting the ice to remain on the way, and should reasonably have foreseen and anticipated that some passing automobile would strike the ice and hurl the same out of the path of the automobile, striking someone using the street. Because he should have foreseen this result, the negligence of the driver was regarded as a proximate cause of the plaintiff’s injury.
There are some differences between the case before us and Sylvester v. Shea, 250 Mass. 508. The vital decision by the Supreme Judicial Court in that case was that “The throwing of the stone, while not unprecedented, was such an unusual occurrence under the circumstances that it could not be found that the defendant in the exercise of reasonable care ought to have guarded against it.”
What were the circumstances? A truck, backing from a street into a place or court opening from the street, undoubtedly moving slowly, strikes a stone and squeezes it with a tire so that it is thrown against the plaintiff. The normal expectation under such circumstances was that the slow moving truck would push the stone away.
In that case, also, there is another significant fact. The only case cited in the opinion of Sylvester v. Shea, 250 Mass. *34 508, is Burkes v. Lieberman, 218 Div. (N. Y.) 600, affirmed by 245 N. Y. 579. The Appellate Division decision was in 1926 and the affirmation, which was without opinion, was in 1927.
In 1938 the New York Court of Appeals had before it the case of Payne v. Manhattan & Queens Traction Corporation, 277 N. Y. 393, 14 Northeastern Reporter 2d, 449, 115 A. L. R. 1495, which had been tried in the Supreme Court. That court at the close of the plaintiff’s evidence had dismissed the plaintiff’s action. The Appellate Division of the Supreme Court affirmed the judgment of the Supreme Court. The evidence showed that a passing automobile picked up and threw into the plaintiff’s automobile a paving stone, one of a lot being used by the defendant at that point and lying scattered about. The Court of Appeals, said,
“That it is possible for automobiles in passing over cobblestones or rocks to so strike them with the wheel on the slant or bias as to cause them to fly with great violence is almost common knowledge . . . that such things do happen and can happen, is a matter which is not incredible as matter of law.
“Whether or not the railroad company, in the exercise of reasonable care, should have foreseen that loose stones or cobbles lying in the street might thus be thrown with violence against persons or vehicles, became a question of fact for the jury, in view of all the circumstances, . . . The dismissal was error for as we have intimated, the plaintiff made out a prima facie case justifying a submission to the jury of. the defendant’s negligence, and the plaintiff’s damage in consequence thereof.”
It is of interest that the court in its opinion mentions the case of Burkes v. Lieberman, 245 N. Y. 549, but does not discuss it.
*35 In the case before us we are dealing not with a stone, but with ice in quantity, three buckets of it. There is nothing to show what made the ice fall out of the truck but after the fall the defendant’s employees saw the ice on the road, retrieved the buckets, and went away leaving the ice where it had fallen. Caron v. Gibbs, 269 Mass. 431 holds that dropping ice on a way may constitute negligence. City Delivery Ice Co. v. Suggs, supra, decides that it is negligence to permit ice to remain on a way when it has fallen there. The automobile now enters the picture; it is not moving slowly or cautiously but at a normal speed, and strikes, not a stone, but the more mobile and less stable ice scattered about. That it would be apt to fly is no more unlikely than that water improperly placed there would be splashed by such an impact. The quantity of ice left on the way is a factor in the likelihood of its being thrown when struck.
It is our opinion that the circumstances of this case are not those of Sylvester v. Shea, 250 Mass. 508, but present a question of law very different from the one to be found in that case. We believe, that, under the circumstances found here, one driving an automobile into an accumulation of scattered ice on a highway can be found to be negligent, and that one in charge of the ice, who deliberately leaves it scattered in the highway, when once it has fallen there, irrespective of the question whether it came there by negligence, is himself negligent, and should have foreseen the possibility that it would be thrown about by passing automobiles.
“Wherever one person is by circumstances placed in such a position with regard to another that every one of ordinary sense who did think would at once recognize that if he did not use ordinary care and skill in his own conduct with regard to those circumstances he would cause danger of injury to the person or property of another the other, a duty arises to use ordinary *36 care and skill to avoid suck danger.” Stevens v. Reyn, 220 Mass. 332.
The law in this Commonwealth was settled many years ago,
“that to make out liability on the part of a defendant it is enough to prove that the probable consequence of his acts was that harm of the same general character as that which came to the plaintiff would come to persons who stood in the same general relation to the defendant as the plaintiff; and that it is not necessary to make out liability on a defendant’s part that the particular series of events which ended in the injury to the plaintiff were the probable consequences of the defendant’s acts.” Ogden v. Aspinwall, 220 Mass. 100, at 103.
' ' The act of a third person intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrong doer, if such act ought to have been foreseen. The original negligence still remains a culpable and direct cause of the injury. The test is to be found in the probable injurious consequences which were to be anticipated, not in the number of subsequent events and agencies which might arise. ’ ’ Leahy v. Standard Oil Co. of New York, 224 Mass. 352, at 360.
Hoban v. Watertown, 217 Mass. 185, at 186. Sousa v. Irome, 219 Mass. 273, at 276, Norton v. Chandler & Co. Inc., 221 Mass. 99, at 102. Morrison v. Medaglia, 287 Mass. 46, at 49, 50. Parsons v. Dwight Slate Co. 301 Mass, 324, at 327.
The flying of ice, lying on a flat hard surface, when struck by the wheel of a moving automobile is of no more difficult or unlikely thing to foresee or anticipate than the act of a bystander in trying to stop a runaway horse by hitting him with a rake. Turner v. Page, 186 Mass. 600; or the misuse of a drain, into which one has the right to enter running water, by discharging into it live steam, as a result of which *37 there was such an escape of steam on the highway above, as to cause injury to a pedestrian. Smith v. Edison Electric Illuminating Co., 198 Mass. 330, at 331; or the falling of a passenger on a railroad station platform, caused by his envelopment in a cloud of steam escaping from a leaky coupling. Burnham v. Boston & Maine Railroad, 227 Mass. 422, at 425, 426; or the killing of a boy by another boy whose father gave his son a gun. Sousa v. Irome, supra; or the injury to a store customer by a revolving door which could be spun by another customer passing through. Norton v. Chandler & Co. Inc., 221 Mass. 99; or the explosion of gasoline in a garage cellar, more than five weeks after it had been negligently spilled on the floor by an employee of the defendant. Leahy v. Standard Oil Co. of New York, 224 Mass. 352.
Caron v. Gibbs, 269 Mass. 431, and the cases from, other jurisdictions, cited in this opinion, held that negligence can be found in dropping ice on a highway, or permitting it to remain there when once it has been dropped. The logic of those decisions is that ice on a highway is a potential menace to other people using the way to walk on, as in Caron v. Gibbs, or from its mobility as a missile when propelled by a blow from a vehicle. A danger from its presence at such a place is recognized and anticipated in those cases. The propriety of such an anticipation is the basis of the plaintiff’s right to recover in this case.
In our opinion the case before us presented issues of fact which the trial judge should have decided guided by pertinent rules of law. All of these he set aside and decided the case on an erroneous ruling of law. This was prejudicial error. The finding for the defendant is to be vacated and the case is to stand for a new trial.